[Cite as *Gallagher v. Estate of Stepfield*, 2013-Ohio-3113.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICIA S. GALLAGHER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2012CA00191 |
| ESTATE OF JEANNE STEPFIELD | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                            Common Pleas, Probate Division, Case No.
                            201837

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     July 15, 2013

APPEARANCES:

For Defendant-Appellee                  For Plaintiff-Appellant

JOHN D. CLARK                           CHARLES A. KENNEDY
ALETHA M. CARVER                        Kennedy, Cicconetti, Knowlton
Krugliak, Wilkins, Griffiths            & Buytendyk, L.P.A.
& Dougherty Co., L.P.A.                  558 North Market Street
4775 Munson Street, N.W.                 Wooster, Ohio 44691
P.O. Box 36963
Canton, Ohio 44735-6963

*Hoffman, J.*

{¶1} Plaintiff-appellant Patricia S. Gallagher appeals the June 22, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which overruled her Objections to Apportionment of Estate Taxes and Exceptions to Account. Defendant-appellee is Sandra S. Brockman, Executor of the Estate of Jeanne Stepfield.

STATEMENT OF THE FACTS AND CASE

{¶2} Jeanne P. Stepfield ("Decedent"), mother of Appellant Patricia S. Gallagher ("Gallagher") and Appellee Sandra S. Brockman ("Brockman"), died on November 29, 2007. Decedent's Will was admitted to probate on December 12, 2007. The probate court appointed Brockman as Executrix on January 28, 2008.

{¶3} Decedent's Will provided, in relevant part:

One Bequest/Devise to Daughter

I do give and bequeath any and all of the shares of stock which I may own at the time of my decease in Brenn-Field Nursing Center, Inc., hereby intending to give and bequeath all my right, title and interest in facility known as Brenn-Field Nursing Center, Inc. to my daughter Sandra a. [sic] Brockman to be hers absolutely and forever.

I do give, devise and bequest to my daughter, Sandra A. Brockman, any and all real estate which I may own at the time of my decease located in both the City of Orrville and in the Township of Green, Wayne County, Ohio to be hers absolutely and forever specifically including by not limited to the following described real estate or any part

thereof remain in the even [sic] any portion of said real estate has been sold prior to my decease:

A. 13.471 acres located in * * *Township of Green, Wayne county [sic], Ohio together with all structures and improvements thereon, if any, subject to any encumbrances due thereon.

B.   46.5501 acres located in* * * Township of Green, Wayne County, Ohio together with all structures and improvements thereon, if any, subject to any encumbrances due thereon.

C. Lot Nos. 2628 and 2629 located in [sic] Lynn Drive in the City of Orrville, Wayne County, Ohio together with all structures and improvements thereon, if any, subject to any encumbrances due thereon.

D. Lot Nos. 2626 and 2627 located on Lynn Drive in the City of Orrville, Wayne County, Ohio together with all structures and improvements thereon, subject to any encumbrances due thereon.

E. Lot No. 2542 located on Lynn Drive in the City of Orrville, Wayne County, Ohio together with all structures and improvements thereon, subject to any encumbrances due thereon.

In making this bequest/devise, I hereby direct that all state and federal taxes together with costs of administration attributable to same shall be a charge against said bequest/devise.  The same shall also be the beneficiary of any legislation granting tax relief to any family-owned business.

TWO. Residue

All the rest, residue and remainder of my property, real and personal, of every kinds [sic], nature and description wheresoever situated and whenever by me acquired, of which I may die seized or possessed, including any property which I may have the power to dispose of by will, I do give, devise and bequeath to my daughters Sandra S. Brockman and Patricia S. Gallagher, share and share alike, to be theirs absolutely and forever.

{¶4} Brockman filed the final account on December 23, 2011, which valued Decedent's gross estate at $9,111,356.00 for federal estate tax purposes. Gallagher's portion of the estate was valued at $904,808.96. Brockman filed a correspondence on January 9, 2012, which itemized the expenses, including a federal tax of $3,036,802, and a state tax of $576,252.13. Brockman assessed 10% of the federal and state taxes against Gallagher's share of the estate.

{¶5} On January 20, 2012, Gallagher filed exceptions to the Ohio state tax return. On January 24, 2012, Gallagher also filed exceptions to the final account, again raising the apportionment issue. In Exception No. 1, which is the gravaman of this appeal, Gallagher asserted she "[was] not responsible for Federal and State of Ohio Estate Taxes or any part thereof: Executor assessed ten percent (10%) of such taxes to Patricia S. Gallagher's share of the estate in error."

{¶6} Gallagher also filed a concealment action against Brockman on April 27, 2012. The concealment action is not relevant to this appeal.

{¶7}    The probate court ordered the parties to brief their respective positions on the apportionment issue.   Via Judgment Entry filed June 22, 2012, the trial court overruled Gallagher's Exception No. 1 to the Final Account. The trial court found, based upon the language in the specific bequest, Brockman was required to pay 100% of any tax associated with the property left to her under the specific bequest. The trial court determined, because the Will provided Brockman and Gallagher were to share equally in the residuary estate, pursuant to R.C. 2113.86(B), each sister was required to pay 50% of any tax associated with the property under the residuary clause.  The trial court withheld ruling on Gallagher's remaining Exceptions pending the resolution of the concealment action.

{¶8}    It is from the June 22, 2012 Judgment Entry Gallagher appeals, assigning as error:

{¶9}    "I. THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE FEDERAL AND STATE OF OHIO ESTATE TAXES WERE TO BE APPORTIONED 90% - 10% AGAINST THE CLEAR INTENT OF TESTATOR EXPRESSED IN THE WILL."

I

{¶10} R.C. 2113.86, which governs the apportionment of federal and state estate taxes, provides, in relevant part:

(A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section

among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes.

(B) Except as otherwise provided in this division, any tax that is apportioned against a gift made in a clause of a will other than a residuary clause or in a provision of an inter vivos trust other than a residuary provision, shall be reapportioned to the residue of the estate or trust. It shall be charged in the same manner as a general administration expense.

**{¶11}** Any intent on the part of a testator or settlor that estate taxes are to be paid in a manner contrary to the apportionment method set forth in R.C. 2113.86 must be clearly expressed in the will. *PNC Bank, Ohio, N.A. v. Roy,* 152 Ohio App.3d 439, 2003-Ohio-1542, 788 N.E.2d 650. This contrary intent "must be clear, specific, and unambiguous." *Matthews v. Swallen*, 1st App. No. C–940443, 1995 WL 621305. The settlor or testator's intent is determined by the language of the testamentary documents. *Carr v. Stradley*, 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540 (1977).

**{¶12}** In construing the provisions of a will, "[e]very phrase must be given its ordinary meaning, and the courts cannot add to or detract from the language used by the testatrix." *Wittenberg Univ. v. Waterworth*, 13 Ohio App.3d 452, 454 (1984).

**{¶13}** In the Will, Decedent made a specific bequest to Brockman. The specific bequest provided:

In making this bequest/devise, I hereby direct that all state and federal taxes together with costs of administration attributable to same shall be a charge against said bequest/devise. The same shall also be

the beneficiary of any legislation granting tax relief to any family-owned business.

**{¶14}** We find the placement of this instruction within the provision for the specific bequest as well as the language used therein evidence Decedent's intent Brockman pay all of the taxes and costs of administration associated with the specific bequest from the monies she received from the specific bequest. The words "[i]n making this bequest/devise, I hereby direct" indicates the language which follows pertains to the specific bequest to Brockman. The use of the qualifier, "attributable to the same", provides guidance as to what is to be paid and from where such is to be paid. We agree with the trial court Decedent expressly intended for all state and federal taxes and the costs of administration associated with the specific bequest be charged against the specific bequest to Brockman.

**{¶15}** Conversely, the language set forth in the specific bequest does not affect any state and federal estate taxes owed based upon the value of the assets passing under the residuary estate as well as the costs of administration relative thereto. Those taxes and costs are to be paid by the beneficiaries of the residuary estate in proportion to their distribution. The Will provides Brockman and Gallagher equally share the residuary estate; therefore, the sisters are equally responsible for the taxes and costs associated with the residuary estate.

**{¶16}** Based upon the foregoing, we find the trial court did not err in its apportionment of taxes 90% to Brockman and 10% to Gallagher, as the order conforms to the wishes of Decedent as stated in the Will.

**{¶17}** Gallagher's sole assignment of error is overruled.

**{¶18}** The judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

PATRICIA S. GALLAGHER : 
                                     :
    Plaintiff-Appellant           :
                                       :
-vs-                                   :                   JUDGMENT ENTRY
                                       :
ESTATE OF JEANNE STEPFIELD     :
                                       :
    Defendant-Appellee        :              Case No. 2012CA00191

For the reasons stated in our accompanying Opinion, the judgment by the Stark County Court of Common Pleas, Probate Division is affirmed. Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY